UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COACH, INC., and
COACH SERVICES, INC.,

        Plaintiffs,                Civil Action No.
                                            12-cv-10609

vs.

                                            PAUL D. BORMAN
BROTHERS GAS & MART, INC.,        UNITED STATES DISTRICT
                                            JUDGE
CRISTINA A. ANGELES,
HUSSEIN A. BAZZI, and
JOHN DOES 1-10,

        Defendants.
_____/

**OPINION AND ORDER**
**<u>GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. No. 19)</u>**

      Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs") filed the Complaint in this matter on February 10, 2012, alleging trademark violations under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), copyright infringement under the United States Copyright Act, 17 U.S.C. § 501, *et seq.*, violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903, and common law unfair competition and unjust enrichment claims. (Dkt. No. 1.) The named Defendants are Brothers Gas & Mart, Inc., Cristina Angeles, Hussein A. Bazzi, and John Does 1-10 ("Defendants").

      Plaintiffs filed a Certificate of Service reflecting service on Defendant Brothers Gas &

Mart, Inc., on February 28, 2012. (Dkt. No. 8.) The certificate reflected that Hassan Bazzi[1] accepted personal service on behalf of Defendant Brothers Gas & Mart, Inc., on February 22, 2012. Plaintiffs filed Certificates of Service for Defendants Hussein A. Bazzi and Cristina M. Angeles on March 20, 2012, reflecting that both of these Defendants were individually served with a Summons and Complaint on March 10, 2012, and March 12, 2012, respectively. (Dkt. Nos. 9, 10.)

Defendants have not filed a notice of appearance. However, they are represented by counsel. Plaintiffs admit that they were served with an Answer to the Complaint, which was signed by attorney Thomas H. Stidham. (Pls.' Br. in Supp. of Mot. for Default Judgment at 4.) However, Defendants' Answer was never electronically filed on the Court's CM/ECF docket, as required under the Eastern District of Michigan Local Rules. *See* E.D. Mich. LR 5.1(a) (stating that all papers presented for filing "must be filed electronically.").

On April 24, 2012, after receiving the un-filed Answer, Plaintiffs' counsel contacted attorney Stidham, stating: "the court rules require that you electronically file these answers. Please do so as soon as possible." (Pls.' Mot., Ex. 3, April 24, 2012 email.) Attorney Stidham responded to Plaintiffs' counsel on April 26, 2012, claiming that he had "encountered an issue with [his] Pacer registration and [was] working to correct same." (Pls.' Mot., Ex. 4, April 26, 2012 email.)

On May 21, 2012, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. (Dkt. No. 11.) Plaintiffs' counsel forwarded the Court's

---

[1] This may be a misspelling of Defendant Hussein Bazzi's first name by the process server, but it is not clear from the pleadings.

Show Cause Order to attorney Stidham, requesting that he "immediately electronically file [his] answer as required by the federal rules or we will respond with a request that a default be entered." (Pls.' Mot., Ex. 5, May 21, 2012 email.) Defendants did not file an Answer or any other pleadings with the Court. On June 5, 2012, Plaintiffs' counsel again emailed attorney Stidham and informed him that Plaintiffs were filing Requests for Clerk's Entry of Default. (Pls.' Mot., Ex. 6, June 5, 2012 email.) The Court Clerk entered defaults against the three Defendants on June 5, 2012. (Dkt. Nos. 16, 17, and 18.)

On June 29, 2012, Plaintiffs filed the instant Motion for Entry of Default Judgment. (Dkt. No. 19.) Defendants did not file a response. Attorney Stidham did, however, appear and argue on behalf of Defendants at the December 6, 2012, hearing on Plaintiffs' Motion.

For the reasons stated below, the Court will GRANT Plaintiffs' Motion.

## I. BACKGROUND

A default has been entered in this case and all Plaintiffs' well-pleaded allegations are deemed admitted by Defendants. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

Defendants Cristina Angeles and Hussein Bazzi conduct business through Defendant Brothers Gas & Mart, Inc., via a retail establishment located at 13605 Fenkell Street in Detroit, Michigan. Plaintiffs' Intellectual Property Coordinator, Dayanara Perez, provided the following facts via a signed declaration attached to Plaintiffs' Motion. (Pls.' Mot., Ex. 2, Perez Decl.)

Plaintiffs manufacture and sell various products under the Coach brand through specialty retail stores, department stores, catalogs, and the Internet. (Perez Decl. ¶ 4.) Plaintiffs use a variety of unique and protected marks in connection with the manufacture and sale of their

Coach products. (Perez Decl. ¶ 5.)

In January 2012, the Detroit Consumer Affairs Division of the Detroit Police Department notified a Coach representative that suspected counterfeit Coach items were being sold at Brothers Gas & Mart, Inc. (Perez Decl. ¶ 15.) Coach representatives, along with Detroit police and members of the Department of Homeland Security, investigated Defendants' store and "observed numerous items being displayed and offered for sale, which were purportedly manufactured by Coach." (*Id*.) Twenty counterfeit "Coach" items, which infringed 10 different Coach trademarks and one Coach copyright, were seized. (Perez Decl. ¶¶ 15-16.)

Plaintiffs allege that Defendants knowingly and intentionally infringed the Coach trademarks by offering the counterfeit items for sale. (Compl. ¶ 29.) Plaintiffs also seek to hold Defendants Angeles and Bazzi personally liable.

## II. LEGAL STANDARD

Where damages are for an uncertain amount, a party must apply to the Court for a default judgment. Entry of default judgment by the Court is governed by Federal Rule of Civil Procedure 55(b)(2). The rule states that, in entering a default judgment:

> [t]he court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### III. ANALYSIS

An entry of default admits Defendants' liability, but "the amount of damages must be proven." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted). The entries of default against Defendants thus establishes their liability for the trademark, trade dress, copyright, and state-law claims alleged in the Complaint. Plaintiffs now seek $2,000,000 in statutory damages, as well as attorney's fees and $220.08 in investigative costs.

### A. Statutory Damages

Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c), which provides that "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . ., an award of statutory damages . . . ." The statute provides that a plaintiff seeking statutory damages in a trademark infringement case may be awarded "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just . . . ." 15 U.S.C. § 1117(c)(1). Where the use of the counterfeit mark was willful, a plaintiff may receive "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

The Perez declaration states that "approximately 20 counterfeit 'Coach' items were observed and seized from Defendants' store." (Perez Decl. ¶ 15.) Ms. Perez further states that the products infringed ten different Coach trademarks, and one Coach copyright. (Perez Decl. ¶ 16.)

Plaintiffs contend that Defendants can be liable for up to $2,000,000 per counterfeit mark per good, because the defaults entered in this matter establish that Defendants acted willfully.

(Compl. ¶ 32.) Plaintiffs thus claim that the Court may award up to $20,000,000 for Defendants' violations and still be within the amount allowable under the statute. However, Defendants seek "only" $2,000,000. Plaintiffs argue that this amount would send a strong message of deterrence to potential infringers, and would adequately compensate Plaintiffs for their damages.

The Court finds that given the evidence set forth in the Perez Declaration – that Defendants willfully infringed ten different Coach trademarks and one Coach copyright – an award of $500,000 in statutory damages is reasonable. This amount is consistent with statutory damages awarded in similar cases. *See e.g., Coach, Inc. v. Da Hook Up Ltd.*, No. 10-11710 (E.D. Mich. July 11, 2011) (awarding statutory damages of $1,200,000 on default judgment, where defendants had twenty to thirty counterfeit "Coach" handbags and at least ten pairs of counterfeit "Coach" shoes and boots).

Under the Lanham Act, corporate officers and employees can be held individually liable for the actions of the corporation "when the employee or corporate officer personally takes part in the infringing activity or directs others to do so." *Days Inn Worldwide, Inc. v. Adrian Motel Co., LLC*, No. 07-13523, 2009 WL 3199882, at *11 (E.D. Mich. Sept. 30, 2009) (Zatkoff, J.); *see also Coach, Inc. v. Younes Corp., Inc.*, No. 11-11559, 2012 WL 4757925, at *2 (E.D. Mich. Oct. 5, 2012) (Cook, J.); *Hair Assocs., Inc. v. Nat'l Hair Replacement Servs. Inc.*, 987 F. Supp. 569, 590 (W.D. Mich. 1997) (holding that "a corporate officer's active participation in infringing activity is sufficient to subject him or her to joint and several liability for trademark infringement with the corporation."); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) (holding that a person "who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory'

6

infringer." (citation omitted)).

As noted *supra*, the defaults entered in this case establish that Defendants Bazzi and Angeles acted intentionally, or with willful blindness, when they offered counterfeit Coach products for sale at the Brothers Gas & Mart, Inc., retail location. (Compl. ¶ 32.) Defendants are therefore individually liable for the Lanham Act violations.

**B. Defense Counsel's Arguments/Failure to Plead**

At the December 6, 2012 hearing, Defendants' attorney, Thomas Stidham, argued that Defendant Angeles should not be held individually liable because she was not "a moving, active conscious force behind the defendant corporation's infringement." *See Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 913 (E.D.N.Y. 1988) (citation and punctuation omitted). Attorney Stidham also argued that Defendant Bazzi should not be held liable because he is merely an employee of Defendant Brothers Gas & Mart, Inc., not a corporate officer or shareholder, and that, based on the sale price of the counterfeit "Coach" products and the number of convenience stores that carry similar items, the employees did not know that the products were counterfeit. In support of these defenses, attorney Stidham stated at the hearing that the counterfeit products at Defendants' store were sold for $15 to $20 each. However, attorney Stidham did not bring any sales records to the hearing, nor did he supply any to Plaintiffs' counsel.

At the December 6, 2012 hearing, attorney Stidham's only requested relief was permission to file the Answer via the CM/ECF system, denial of Plaintiffs' Motion for Default Judgment, or alternatively, an evidentiary hearing to determine the individual liability of Defendants Angeles and Bazzi. Attorney Stidham has not filed a motion to set aside the defaults

in this matter, and also did not invoke Federal Rule of Civil Procedure 55(c)[2] at the December 6, 2012 hearing, or make any attempt to satisfy the three "good cause" factors under Rule 55(c). *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (providing that a court reviewing a motion to set aside a default should consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."). The Court does not find that attorney Stidham's proffered defense regarding Defendants' lack of knowledge based on the price of the bags constitutes a "meritorious defense." As Eastern District of Michigan Judge Julian Abele Cook noted in *Coach, Inc. v. Younes Corp. Inc.*, *supra*, "it is enough for the purpose of the Lanham Act that the defendant failed to inquire further because he was afraid of what the inquiry would yield. Willful blindness is knowledge enough." 2012 WL 4757925 at *2 (quoting *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989) (punctuation omitted)). Regarding Defendant Angeles, courts in this District have held that a corporate officer can be held individually liable for Lanham Act violations where the officer "had the right and ability to supervise the infringing activity and also had a direct financial interest in such activities." *Days Inn Worldwide*, *supra*, at *12 (citation omitted). Defendant Angeles was the President of Defendant Brothers Gas & Mart, Inc., and certainly had both the authority to supervise her employees who sold the counterfeit "Coach" products, and a financial interest in the sale of the products.

    The Court further finds that Defendants' counsel's actions, or lack thereof, in the instant matter demonstrate a reckless disregard for these proceedings, which also weighs against setting

---

[2] Fed. R. Civ. P. 55(c) provides: "[t]he court may set aside an entry of default for good cause . . . ."

aside the defaults and allowing the case to proceed. *See Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) (noting that a default should not be set aside where "the conduct of a defendant . . . display[s] either an intent to thwart [the] judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (noting that "[c]lients are held accountable for their attorneys' acts and omissions.").

      Attorney Stidham stated at the December 6, 2012 hearing, that he was unable to file an Answer or any other pleading in this matter because his registration for the Court's CM/ECF electronic filing system is not complete. At the same time, attorney Stidham claimed that he was working with Eastern District of Michigan Judge George Caram Steeh to submit CM/ECF filings in a different case, but he never contacted this Court regarding any filings in this matter. Furthermore, attorney Stidham admitted at the hearing that other attorneys in his office could have joined him on this case and filed pleadings using CM/ECF, but that never occurred in the nearly 10 months between the filing of the Complaint and the December 6, 2012 hearing on Plaintiffs' Motion for Default Judgment. Attorney Stidham also admitted that, despite his inability to file any pleadings electronically, he never delivered a courtesy copy of the Answer or any other pleading to this Court, as required under this Court's motion practice guidelines.

      Furthermore, attorney Stidham was aware of the Court's Show Cause Order directed to Plaintiffs' counsel, and of Plaintiffs' counsel's intent to file defaults in this matter, because Plaintiffs' counsel informed him of both in an email. (Pls.' Mot., Ex. 5, May 21, 2012 email.) Nevertheless, after receiving Plaintiffs' counsel's email, attorney Stidham still did not contact this Court, nor did he request any other attorneys in his office who could access the docket via

the CM/ECF system to file any pleadings in this case.

At the December 6, 2012 hearing, attorney Stidham requested, in part, that he be allowed to electronically file an Answer to the Complaint in this matter. Defendants have always been allowed to file an Answer in this case; no order of the Court has disallowed them from doing so. Defendants have simply failed to plead at all, apparently due to attorney Stidham's incomplete CM/ECF registration, and failure to contact the Court or any attorney in his office to arrange an alternate means for electronic filing.

The remaining relief requested by Attorney Stidham at the December 6, 2012 hearing will be denied for the reasons stated above.

## C.  Attorney's Fees and Costs

Plaintiffs seek attorney's fees for Defendants' trademark infringement, pursuant to 15 U.S.C. § 1117, or for Defendants' copyright infringement under 17 U.S.C. § 505 (providing that "the court in its discretion may allow the recovery of full costs by or against any party[,]" and allowing "a reasonable attorney's fee to the prevailing party as part of the costs."). Where a defendant willfully infringes copyrights and trademarks, an award of attorney's fees is appropriate. *See Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 812 (E.D. Mich. 2000).

While Defendants' attorney has drafted an Answer to the Complaint in this matter, he has not filed it as required under the Eastern District of Michigan Local Rules. Defendants have not filed any responsive pleadings or otherwise appeared in this matter. An award of attorney's fees is therefore warranted, as Defendants are thus deemed to have admitted the willful violations alleged in the Complaint. *See Ford Motor Co.*, 441 F. Supp. 2d at 846.

10

Plaintiffs assert that their counsel, Warner Norcross & Judd LLP, will submit an affidavit substantiating the attorney hours spent on this case after entry of default judgment by the Court.

Plaintiffs also seek investigative costs of $220.08, related to the investigation of the counterfeit items recovered from Defendants' store. (Perez Decl. ¶ 19.)

Although they are not specifically provided for under § 1117(c), Courts have awarded investigation fees in similar cases. *See Da Hook Up*, *supra*; *see also Fila U.S.A., Inc. v. Run Run Trading Corp.*, No. 95 CV 7144, 1996 WL 271992, at *4 (S.D.N.Y. May 21, 1996). Accordingly, Plaintiffs will be awarded investigative fees in the amount of $220.08.

### IV. CONCLUSION

For the reasons stated above, the Court will:

(1) GRANT Plaintiffs' Motion for Default Judgment, and

(2) ORDER that Plaintiffs are awarded statutory damages in the amount of $500,000, investigative fees in the amount of $220.08, and attorney's fees in an amount to be determined upon submission of Plaintiffs' billable hour statements.

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 8, 2013

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 8, 2013.

S/Denise Goodine  
Case Manager

11